Tina Wolfson (SBN 174806)
*twolfson@ahdootwolfson.com*
Bradley K. King (SBN 274399)
*bking@ahdootwolfson.com*
AHDOOT & WOLFSON, PC
10728 Lindbrook Drive
Los Angeles, CA  90024
Tel: (310) 474-9111
Fax: (310) 474-8585

*Counsel for Plaintiffs and the Putative Classes*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARYROSE LIMSON, individually, as guardian *ad litem* for AL, a minor, and on behalf of all others similarly situated; TESHA GAMINO, individually, as guardian *ad litem* for minors RR1 and RR2, and on behalf of all others similarly situated; ROBERT COLON and MICHELLE COLON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BRIDGE PROPERTY MANAGEMENT COMPANY, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 3:19-cv-2795<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs MARYROSE LIMSON, individually and as guardian *ad litem* for AL, a minor, TESHA GAMINO, individually and as guardian *ad litem* for minors RR1 and RR2, ROBERT COLON and MICHELLE COLON (collectively, "Plaintiffs"), all on behalf of themselves and other similarly-situated individuals, bring this Class Action Complaint against BRIDGE PROPERTY MANAGEMENT COMPANY, a California Corporation, and DOES 1 through 20 (collectively, "Defendants"), and allege as follows:

# INTRODUCTION

1. Plaintiffs bring this action individually and on a class and representative basis pursuant to the provisions of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, the California Investigative Consumer Reporting Agencies Act ("ICRAA"), California Civil Code § 1786, *et seq.*, California's Unfair Competition Law ("UCL"), California Business and Professions Code §§ 17200, *et seq.*, and to request declaratory relief to quiet title to Plaintiffs' leasehold interests in Defendants' properties so that Plaintiffs may hold and continue to occupy their residential apartment homes without fear of unlawful eviction.

2. The FCRA and ICRAA impose on entities that use consumer background reports important safeguards designed to protect consumers like the Plaintiffs here, who applied to be tenants and residents at the Ivy II at College Park apartments, located at 6100 Notre Dame Avenue, Chino, California 91710 (the "Ivy II"), and at other apartment homes owned by Defendants throughout the State of California.

3. The FCRA and ICRAA regulate landlords and agencies that gather information on consumers to provide to landlords and others for use by those persons in making residendial rental decisions. The provisions set forth by the FCRA and ICRAA govern agencies (and those whom it provides information) with regard to investigative consumer reports, *i.e.*, reports containing information on a consumer's character, general reputation, personal characteristics, or mode of living. Both the FCRA and ICRAA impose obligations on the landlords and agencies regarding disclosure to consumers when landlords and agencies furnish reports. Compliance with these statutes' requirements is

necessary to, among other things, maintain the confidentiality and prevent misuse of, sensitive personal information and to ensure the accuracy and integrity of consumer background reports.

4. Defendants requested, procured, processed, used and/or assisted in acquiring investigative consumer reports on the Plaintiffs as part of their applications for residency at the Ivy II and as part of the annual re-certification of the Plaintiffs to be residents at the Ivy II, without providing proper disclosures in compliance with the FCRA and ICRAA, and without obtaining proper authorization in compliance with the ICRAA, which are, therefore illegal contracts under applicable federal and state laws.

5. Under the FCRA, an "investigative consumer report" includes information as to a consumer's "character, general reputation, personal characteristics and mode of living." 15 U.S.C. § 1681d(a)(1). Similarly, according to the ICRAA, the words "investigative consumer report," as set forth in California Code of Civil Procedure § 1786.2(c), is a form of consumer report where personal information about a person or consumer is obtained such as that person's character, reputation, individual characteristics, and how or she lives.

6. Defendants' actions and omissions are deliberate planned violations of both the FCRA and the ICRAA, and constitute unfair business practices in violation of California's UCL. Plaintiffs seek damages, including compensatory damages and punitive damages. In addition, Plaintiffs seek an injunction, as alleged below.

**PARTIES**

7. Plaintiffs are individuals, both adults and minors, who live and reside in California who, as adults, applied to be tenants and residents of the Ivy II. The minors who are plaintiffs herein did not apply for residency, but were third party beneficiaries of said applications and leases, in that they were disclosed residents, given permission from Defendants to occupy the apartment homes, the contracts, applications and leases were made for and intended to benefit such minors by providing them a home in which to live, and said minors where intended by Defendants to be subject to the impediments flowing

from the illegal contracts, all as specifically pleaded herein.

8. Defendant BRIDGE PROPERTY MANAGEMENT COMPANY was and is a corporation formed under the laws of the State of California that has its principal place of business located in 600 California Street, Suite 900 San Francisco, California 94108.

9. Plaintiffs are unaware of the true names, capacities, relationship and extent of participation in the conduct alleged herein, of the Defendants sued herein as DOES 1 through 20, but are informed and believe that said Defendants are legally responsible for the wrongful conduct alleged herein and therefore sue these Defendants by fictitious names. Plaintiffs will amend this complaint to allege the true names and capacities of the DOES Defendants when ascertained.

## JURISDICTION AND VENUE

10. This Court has original jurisdiction over Plaintiffs' and putative Class members' FCRA claims pursuant to 28 U.S.C. § 1331.

11. This Court has subject matter jurisdiction over Plaintiffs' California state law claims under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5 million exclusive of interest and costs. Some Class Members and Defendants are citizens of different states. There are more than 1000 (one thousand) putative Class Members in many different apartment home complexes owned and/or managed by Defendants throughout the State of California.

12. This Court also has supplemental jurisdiction over Plaintiffs' California state law claims pursuant to 28 U.S.C. § 1367.

13. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) & (2) because Defendants reside in this judicial district, and a substantial part of the events giving rise to Plaintiffs' claims occurred in this judicial district.

14. Plaintiffs are informed and believe that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme,

business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

## FACTUAL ALLEGATIONS

15. Headquartered in San Francisco, California, Defendant Bridge Property Management Company owns and manages the Ivy II property, as well as other apartment complexes, and has thousands of other rental and condominium homes under its control, most of which are in the State of California. Defendant Bridge Property Management Company also maintains offices in San Diego, Orange County, Portland, and Seattle.

16. Plaintiffs are informed and believe and thereon allege that, throughout the time period at issue, Defendants used investigative consumer reports as part of their applications for rentals and for continuing the residency of tenants, all without complying with the mandatory requirements, disclosures and authorizations required under the FCRA and ICRAA, meaning that such applications and leases were illegal contacts.

17. In or about June 2017, Plaintiffs applied for housing and paid the required $25 application fee at the Ivy II, which was and is desirable to consumers because of its location, new construction, low rent, and appealing nature, as it designed and created as an affordable housing project for low-income persons.

18. Plaintiffs completed a mandatory multi-page application form, which requested residency for said Plaintiffs, including those who are minors, and included a release and purported authorization permitting the Defendants, at their request, to perform credit and background checkts to obtain request certain private, and personal information from third parties about Plaintiffs.

19. In violation of the FCRA, such release and purported authorization was defective and illegal, because Defendants failed to provide applicants like Plaintiffs and the putative Class, with written notice of their rights to request additional disclosures and the written summary of their rights under the FCRA, as required by the statute, thereby defeating the purpose of the statute.

20. In violation of the ICRAA, the release/application did not provide a means for Plaintiffs to indicate (*i.e.*, by means of a box to check), allowing them to obtain any report prepared in relation to applications. Defendants obtained investigative consumer reports on Plaintiffs for the applications at the rental property, and never told Plaintiffs that investigative consumer reports would be prepared regarding their character, general reputation, personal characteristics, and mode of living. In addition, Defendants never told Plaintiffs the name or address of the investigative reporting agency that prepared the reports, and neither did Defendants give or allow Plaintiffs to have a summary of the provisions of Civil Code § 1786.22 as required under the ICRAA, which defeated the purpose of the statute and discouraged and/or effectively eliminated the ability of tenants to know and thus obtain access to and copies of the investigative reports on them and their family members.

## CLASS ACTION ALLEGATIONS

21. Plaintiffs bring this action in their individual capacities and as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of a proposed Class defined as follows:

> All persons in the United States who applied to become tenants and/or completed tenant recertifications, and/or were minors with permission to reside at any of Defendants' properties within the applicable Class Period.

22. Excluded from the Class are Defendants, as well as its officers, employees, agents or affiliates, and any judge who presides over this action, as well as all past and present employees, officers and directors of Defendants. Plaintiffs reserve the right to expand, limit, modify, or amend the Class and definitions, including the addition of one or more subclasses, in connection with their motion for class certification, or at any other time, based upon, *inter alia*, changing circumstances and/or new facts obtained during discovery.

23. The Class meets the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(1), (b)(2), and (b)(3) for all of the following reasons.

24. **Numerosity** – Although the exact number of Class members is uncertain, and can only be ascertained through appropriate discovery, the number is great enough such that joinder is impracticable. The disposition of the claims of these Class members in a single action will provide substantial benefits to all parties and the Court. Information concerning the exact size of the putative class is within the possession of Defendants. The parties will be able to identify each member of the Class after Defendants' document production and/or related discovery.

25. **Commonality** – Common questions of fact and law exist as to all Class members and predominate over any questions that affect only individual Class members, including by example only and without limitation, the following:

   a. Whether Defendants had a policy and/or practice of procuring or causing to be procured consumer reports for their applicants;

   b. Whether Defendants had a policy and/or practice of providing clear and accurate written disclosure that they may procure consumer reports for their applicants, including but not limited to those who are minors;

   c. Whether Defendants had a policy and/or practice of obtaining written authorization from their applicants prior to procuring consumer reports, including but not limited to those who are minors;

   d. Whether Defendants' policy and/or practice of obtaining consumer consent under the ICRAA is legally sufficient as to all Plaintiffs, including but not limited to those who are minors;

   e. Whether any written description of FCRA rights provided to Defendants' applicants is legally sufficient, including but not limited to those who are minors;

   f. Whether Defendants willfully failed to comply with the FCRA and the ICRAA;

   g. The proper measure of statutory and punitive damages and the

availability and appropriateness of declaratory and injunctive relief;

26. **Typicality –** All of Plaintiffs' claims are typical of the claims of the proposed Class they seek to represent in that: Plaintiffs' claims arise from the same practice or course of conduct that forms the basis of the Class claims; Plaintiffs' claims are based upon the same legal and remedial theories as the proposed Class and involve similar factual circumstances; there is no antagonism between the interests of Plaintiffs and absent Class members; the injuries that Plaintiffs suffered are similar to the injuries that Class members have suffered.

27. **Adequacy** – Plaintiffs will fairly and adequately represent the Class in that: (1) there is no conflict between Plaintiffs' claims and those of other Class members; (2) Plaintiffs have retained counsel who are skilled and experienced in class actions and who will vigorously prosecute this litigation; (3) Plaintiffs' claims are typical of the claims of Class members.

28. **Predominance –** The proposed action meets the requirements of Federal Rule of Civil Procedure 23(b)(3) because questions of law and fact common to the Class predominate over any questions which may affect only individual Class members.

29. **Superiority** – The proposed class action also meets the requirements of Federal Rule of Civil Procedure 23(b)(3) because a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment of common questions is superior to multiple individual actions or piecemeal litigation, avoids inconsistent decisions, presents far fewer management difficulties, conserves judicial resources and the parties' resources, and protects the rights of each Class member. Absent a class action, the majority of Class members would find the cost of litigating their claims prohibitively high and would have no effective remedy.

30. Plaintiffs' claims also meet the requirements of Federal Rule of Civil Procedure 23(b)(1) because prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications that would establish incompatible standards for Defendants. Varying adjudications could establish

CLASS ACTION COMPLAINT – CASE NO. 3:19-CV-2795
8

incompatible standards with respect to: whether Defendants' ongoing conduct violates the claims alleged herein; and whether the injuries suffered by Class members are legally cognizable, among others. Prosecution of separate actions by individual Class members would also create a risk of individual adjudications that would be dispositive of the interests of other Class members not parties to the individual adjudications, or substantially impair or impede the ability of Class members to protect their interests.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE CALIFORNIA INVESTIGATIVE CONSUMER REPORTING AGENCIES ACT ("ICRAA")
## (Cal. Civ. Code § 1786.16(b))

31. Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

32. Defendants are "persons" and "investigative consumer reporting agencies" as defined by section 1786.2(a), (d) of the ICRAA.

33. Plaintiffs are "consumers" within the meaning of section 1786.2(b) of the ICRAA because they are individuals.

34. The ICRAA regulates landlords and agencies that gather information on consumers, and members of their households and families, to provide to landlords and others for use by those persons in making residential rental decisions. The ICRAA governs agencies (and those to whom it provides information) with regard to investigative consumer reports, *i.e.*, reports containing information on a consumer's character, general reputation, personal characteristics, or mode of living. The ICRAA imposes obligations on the landlords and agencies regarding disclosure to consumers when the landlords and agencies furnish reports.

35. Section 1786.16(b)(1) of the ICRAA states that any person requesting an "investigative consumer report" is required to:

> Provide the consumer a means by which the consumer may indicate on a written form, by means of a **box to check**, that the consumer wishes to receive a copy of any report that is prepared. If the consumer wishes to receive a copy of the report, the recipient of the report shall send a copy of the report to the consumer within three business days of the date that

> the report is provided to the recipient, who may contract with any other entity to send a copy to the consumer. The notice to request the report may be contained on either the disclosure form, as required by subdivision (a), or a separate consent form. The copy of the report shall contain the name, address, and telephone number of the person who issued the report and how to contact them.

36. Defendants willfully violated California Civil Code § 1786.16(b)(1) because they failed to provide, by means of a box to check on a written form, the opportunity to request and receive a copy of the consumer background report obtained for Plaintiff. Defendants also willfully violated, and thus defeated and/or reduced to the point of being ineffective, the statutory purposes of California Civil Code § 1786.16(b)(1). Defendants further defeated the statutory purpose of this Civil Code section because they failed to provide Plaintiffs with a copy of their consumer background report within three days of request. In addition, Defendants never provided Plaintiffs with copies of the reports they received about the Plaintiffs, and never provided Plaintiffs with the names and addresses of the investigative consumer reporting agency or agencies that prepared the reports, all to defeat the statutory purpose and protections provided by this Civil Code section.

37. Section 1786.16(a)(3) of the ICRAA states:

> If an investigative consumer report is sought . . . the person procuring or causing the request to be made shall, not later than three days after the date on which the report was first requested, **notify the consumer in writing that an investigative consumer report will be made** regarding the consumer's character, general reputation, personal characteristics, and mode of living. The notification shall also include the name and address of the investigative consumer reporting agency that will prepare the report and a summary of the provisions of Section 1786.22.

38. Plaintiffs are informed and believe and on that ground allege that Defendants failed to comply with the mandatory requirements of Civil Code § 1786.16(a)(3) by not informing Plaintiffs that investigative consumer reports would be prepared regarding their character, general reputation, personal characteristics, and mode of living. In addition, Defendants neither (1) provided Plaintiffs with the names and addresses of the investigative consumer reporting agency or agencies that made the reports, nor (2) a summary of the provisions of Civil Code § 1786.22, all of which substantially eliminated, avoided or defeated the legislative purposes of this statute.

39. As alleged herein, Defendants' conduct constitutes intentional and willful violations of the ICRAA. As a direct and proximate result of the acts and omissions of Defendants, Plaintiffs each suffered damages in an amount according to proof at trial. In the alternative, Plaintiffs are each entitled to statutory damages of $10,000 per person for each violation, and are entiled to a permanent order, judgment and decree enjoining and directing Defendants, and all persons and entities acting in concert with them, or subject to their control, from violating the mandatory provisions of the ICRAA.

40. As a direct and proximate result of the acts and omissions of Defendants as alleged herin, Plaintiffs have suffered and incurred, and continues to suffer and incur, damages, including but not limited to attorneys' fees and costs.

41. At all relevant times, Defendants knew or should have known that they were violating the ICRAA and knew or should have known that their conduct was directed to one or more persons protected by the provisions of the ICRAA.

42. Defendants' conduct and violations of the ICRAA were and are willful, or at the very least, grossly negligent. Defendants acted in delibearate and reckless disregard of their obligations and Plaintiffs' rights.

43. Defendants' willful conduct is reflected by, among other things, the following facts:

    a. Defendants are large corporations with access to legal advice and have retained counsel who has advised the Defendants that they must comply with California Civil Code §§ 1786 and 1786.60.

    b. Defendants required a purported authorization to perform credit and background checks as part of the process of screening Plaintiffs for all of their apartment complexes in California, including the Ivy II, which although defective, demonstrates Defendants' awareness of and willful failure to comply with the governing laws with respect to such authorizations; and

    c. The plain language of the statute unambiguously indicates that the inclusion of a box to check to request copies of reports is required, and that the disclosure

form must contain the name, address, and phone number of the investigative consumer reporting agency conducting the investigation.

44. As a direct and proximate result of Defendants' illegal procurement of background reports through their inadequate disclosures, as alleged herein, Plaintiffs have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the ICRAA.

45. Plaintiffs seek all available remedies for themselves and on behalf of all others similarly situated pursuant to Civil Code § 1786.50, including statutory damages and/or actual damages, punitive damages, and attorneys' fees and costs.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT ("FCRA")
## (15 U.S.C. § 1681, *et seq.*)

46. 15 U.S.C. § 1681d(a) governs the conduct of any person who procures or prepares an investigative consumer report on any consumer:

(a) Disclosure of fact or preparation

A person may not procure or cause to be prepared an investigative consumer report on any consumer unless—

(1) it is clearly and accurately disclosed to the consumer that an investigative consumer report including information as to his character, general reputation, personal characteristics, and mode of living whichever are applicable, may be made, and such disclosure (A) is made in a writing mailed, or otherwise delivered, to the consumer, not later than three days after the date on which the report was first requested, and (B) **includes a statement informing the consumer of his right to request the additional disclosures . . . and the written summary of the rights of the consumer** . . . .

47. Defendants willfully violated 15 U.S.C. § 1681d(a)(1) by failing to provide "clear and accurate" disclosure to Plaintiffs and the putative class, specifically by Defendants' failure to inform Plaintiffs and the putative class of their rights to request additional disclosures, and failure to provide them the written summary of their rights under the FCRA, as required by 15 U.S.C. § 1682d(a)(1)(B).

48. The purpose of the FCRA is to inform consumers of their rights under the FCRA and provide them an opportunity to review the consumer report and correct any

inaccuracies before any adverse actions are taken.

49. 15 U.S.C. § 1682d(b) provides:

> Any person who procures or causes to be prepared an investigative consumer report on any consumer shall, upon written request made by the consumer within a reasonable period of time after the receipt by him of the disclosure required by subsection (a)(1), make a complete and accurate disclosure of the nature and scope of the investigation requested.

50. Defendants' failure to inform Plaintiffs and the putative Class of their rights under 15 U.S.C. § 1682d(b) deprived Plaintiffs and the putative Class of the benefit of information that they had been entitled by law to receive, and runs afoul of the FCRA's rationale.

51. Defendants acted willfully, intentionally, and with the purpose of defeating the purposes of these statutory protections for Plaintiffs, and Defendants knew or should have known about their obligations under the FCRA. These obligations are well-established by the plain language of the FCRA and in the promulgations and opinion letters of the Federal Trade Commission.[1]

52. Despite Defendants' awareness of their legal obligations, Defendants acted consciously in breaching their known duties and depriving Plaintiffs and other Class members of their rights under the FCRA and as pleaded herein created and required Plaintiffs to execute illegal contracts. At minimum, Defendants' conduct was reckless and/or negligent in failing to make an appropriate inquiry to ascertain their obligations under the FCRA.

53. As a result of these FCRA violations, including creating illegal contracts, Defendants are liable to Plaintiffs and the putative class for statutory damages of $100.00 to $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1)(A), punitive damages pursuant to 15

---

[1] "Using Consumer Reports: What Landlords Need to Know," *available at* <https://www.ftc.gov/tips-advice/business-center/guidance/using-consumer-reports-what-landlords-need-know> (last visited, May 13, 2019).

U.S.C. § 1681n(a)(2), and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681n(a)(3). Plaintiffs and the putative class are also entitled to equitable relief against Defendants enjoining further violations of the FCRA.

54. In the alternative to the Plaintiffs' allegations that these violations were willful, Plaintiffs allege that the violations were negligent and seek issue-certification of that issue and appropriate remedies, if any, under 15 U.S.C. § 1681o.

55. Plaintiffs seek a declaration from this Court that Defendants' residential contracts and applications are illegal contracts and are in violation of the above pleaded laws.

### THIRD CAUSE OF ACTION
### VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION LAW
### (Cal. Bus. & Prof. Code § 17200, *et seq.*)

56. Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

57. The UCL prohibits "any unlawful, unfair or fraudulent business act or practice."

58. Defendants violated the "unlawful" prong of the UCL because their acts and practices alleged above violate the FCRA and the ICRAA.

59. Defendants violated the "unfair" prong of the UCL by engaging in unlawful and deceptive practices that inflicted harm on Plaintiffs and Class Members that outweighs any legitimate justification, motive or reason for the practices.

60. Defendants violated the "fraudulent" prong of the UCL by willfully concealing investigative consumer reports from the tenants it was investigating in violation of the FCRA and the ICRAA.

61. By acting and failing to act as alleged herein, Defendants' conduct and violations of the FCRA and the ICRAA are unlawful and unfair business acts and practices in violation of the UCL, and Plaintiffs are each entitled to restitution for all fees paid relating to their applications for tenancy and/or residency to Defendants.

62. Through their policies and practices of, among other things, routinely

acquiring investigative reports to conduct background checks on Plaintiffs and using that information as part of the application process for apartment rentals and annual recertification of residents without providing proper disclosures and obtaining proper authorization in compliance with the law, Defendants engaged in unlawful business acts and/or practices.

63. The unlawful conduct of Defendants alleged herein constitutes unfair competition under the UCL which protects against unfair competition and allows a person who has suffered injury-in-fact and has lost money or property as a result of unfair, unlawful, or fraudulent business practices to seek restitution.

64. As a direct result of Defendants' unlawful, unfair, and fraudulent business acts and/or practices, Plaintiffs and Class members suffered injury in fact and lost money or property. Among other things, Plaintiffs were deprived of the benefit of information that they had been entitled by law to receive. Defendants' conduct of disregarding state and federal laws also provides Defendants with an unfair advantage over competitors who comply with the law.

65. Plaintiffs, on behalf of themselves and all others similarly situated, seek restitution and injunctive relief against Defendants in the form of an order prohibiting Defendants from engaging in the alleged misconduct described herein, monetary damages for what Plaintiffs and Class members paid to apply for tenancy and/or residency at Defendants' properties, and other relief specifically prayed for herein.

66. As a direct and proximate result of the acts and omissions of Defendants as alleged herein, Plaintiffs bring this class action in order to enforce important rights affecting the public interest. The equitable relief requested, including the injunction against Defendants for their wrongful conduct and violations of the FCRA and ICRAA, will result in significant public benefit, both pecuniary and nonpecuniary, to the general public and a large class of persons. Accordingly, in the interests of justice, Plaintiffs also seek attorneys' fees and costs under Cal. Code Civ. Proc. § 1021.5.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf all others similarly situated, request that the Court enter judgment against Defendants as follows:

A. An order certifying this action as a class action under Federal Rule of Civil Procedure 23, defining the Class as requested herein, appointing the undersigned as Class Counsel, and finding that Plaintiffs are proper representatives of the Class herein;

B. Declaratory and injunctive relief, including an order preliminarily and permanently enjoining Defendants from engaging in the practices challenged herein;

C. A declaration that Defendants' illegal practices and use of residential leases and applications are illegal contracts that violate the above referenced laws;

D. An order requiring Defendants to pay all costs associated with Class notice and administration of classwide relief;

E. An award of actual or statutory damages to Plaintiffs and the Class pursuant to 15 U.S.C. § 1681n(a)(1)(A) in an amount subject to proof at trial;

F. An award of punitive damages to Plaintiffs and the Class pursuant to 15 U.S.C. § 1681n(a)(2) and California Civil Code §§ 1785.31(a)(2)(B) and 1786.50(b);

G. An award of actual or statutory damages to Plaintiffs pursuant to California Civil Code §§ 1786.50(a)(2) and 1785.31 in an amount subject to proof at trial;

H. An award of reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681n(a)(3), California Code of Civil Procedure § 1021.5, California Civil Code § 1786.50(a)(2), and/or other applicable law;

I. Pre-judgment and post-judgment interest as provided by law; and

J. Such other and further relief that the Court may deem just and proper.

# **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand trial by jury of all issues so triable.

AHDOOT & WOLFSON, PC

Dated: May 22, 2019

*/s/ Tina Wolfson*
Tina Wolfson
*twolfson@ahdootwolfson.com*
Bradley K. King
*bking@ahdootwolfson.com*
10728 Lindbrook Drive
Los Angeles, CA 90024
Tel: (310) 474-9111
Fax: (310) 474-8585

*Counsel for Plaintiffs and the Putative Class*